On June 25, 1975 the court issued the following order:
Before CoweN, Chief Judge, Market, Chief Judge*, and Laramore, Senior Judge.
“This case comes before the court on plaintiff’s motion for summary judgment and defendant’s cross motion for summary judgment. Upon consideration of the motions of the parties, after hearing oral argument, and after reviewing the lengthy administrative record in this case, the court finds:
“(1) The Civil Service Commission correctly concluded that the adverse action against plaintiff was accomplished by compliance with the applicable statute (5 U.S.C. § 7501) and the governing regulations (5 C.F.R. § 752.202 and FPM Supplement 752-1, 54-1(2)). The regulations required only that the agency assemble and make available to plaintiff the material on which the notice of the proposed adverse action was based and which was relied on to support the charges. The material, which defendant relied on and upon which the notice was based, was assembled and made available to the plaintiff; it consisted of approximately 400 pages. In the oral reply to the charges, plaintiff acknowledged that the notice of adverse action was not based on the control cards or the cases processed by plaintiff. The failure to furnish the cases and control cards to plaintiff was not a violation of the regulations.
“(2) The charges set forth in the notice to plaintiff were sufficiently specific and detailed to meet the requirements of 5 C.F.R. § 752.202(a) (1). See Burkett v. United States, 185 Ct. Cl. 631, 402 F.2d 1002 (1968). The administrative finding that plaintiff sufficiently understood the charges to afford her a fair opportunity to present her defense against the reasons given for the proposed action is supported by substantial evidence. See Schlegel v. United States, 189 Ct. *982 Cl. 30, 416 F.2d 1372 (1969), cert. denied, 397 U.S. 1039 (1970). Tlie record shows that plaintiff’s oral reply to the charges when transcribed consisted of 60 pages of typewritten matter, and she offered a large number of documentary exhibits.
“ (3) The findings of the Civil Service Commission that the agency used the same standards for measuring plaintiff’s performance as were used for other examiners; that plaintiff was advised of the standards, and that they were not unreasonable are supported by substantial evidence. The record shows that the standards were set forth in three warning notices of inefficiency and in a progress report which were sent to plaintiff before the adverse action was taken.
“(4) Although the evidence was conflicting on many of the factual issues, there is substantial support in the evidence for the findings of the Civil Service Commission that the proof sustained the charges that plaintiff had failed to meet acceptable production requirements and that her error rate was in excess of acceptable quality requirements. The administrative finding that the evidence which plaintiff offered in mitigation of the charges was not sufficient to justify her failure to meet acceptable standards is also supported by substantial evidence.
“(5) The Regional Office, as well as the Board of Appeals and Review of the Civil Service Commission, found that the agency’s failure to provide plaintiff access to the cases and control cards did not prevent or deny her the right to adequately refute the charges in her oral reply or at the Regional Office hearing. In view of plaintiff’s participation in the review of errors assigned to her, her extensive oral reply, the evidence she adduced at the hearing, and the record as a whole, the administrative findings are supported by substantial evidence. Under the guidelines laid down by the Supreme Court in Arnett v. Kennedy, 416 U.S. 134 (1974), the proceedings under which plaintiff’s demotion was effected complied with the due process requirements of the Fifth Amendment.
“Based on the foregoing, the court concludes:
“(A) Plaintiff was accorded the rights granted to her by the statute and the administrative regulations.
*983 “ (B) The decision of the Civil Service Commission is supported by substantial evidence and is neither arbitrary nor capricious.
“ (C) In the proceedings leading to her demotion, plaintiff was accorded due process, and there was no violation of her Constitutional rights.
“it is therefore ordered that plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and plaintiff’s petition is dismissed.”
Petition for certiorari was denied January 12, 1976, 423 Ü.S. 1049.